FILED'08 AUG 27 14:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DOE 105 and JANE DOE
101,

                                                     CV. 07-1130-PK

                                                     OPINION AND
                                                     ORDER

                    Plaintiffs,

v.

THE ARCHDIOCESE OF PORTLAND
IN OREGON, THE ROMAN CATHOLIC
ARCHBISHOP OF PORTLAND IN
OREGON, and THE SISTERS OF ST.
FRANCIS OF PHILADELPHIA,


                    Defendants.
_____

PAPAK, Magistrate Judge:

        This action was filed against defendants The Archdiocese of Portland in Oregon (the

"Archdiocese"), The Roman Catholic Archbishop of Portland in Oregon (the "Archbishop" and,

Page 1 - OPINION AND ORDER

collectively with the Archdiocese, the "Archdiocesal Defendants"), and The Sisters of St. Francis

of Philadelphia (the "Sisters") by fictitiously-named plaintiffs John Doe 105 ("John") and Jane

Doe 101 ("Jane") on August 2, 2007. The parties reported the action settled on June 5, 2008, and

on August 13, 2008, this court granted the parties' motion to approve the settlement and to

approve payment of the settlement amount from the future claims trust provided for in the Third

Amended and Restated Joint Plan of Reorganization confirmed in *In re Roman Catholic*

*Archbishop of Portland* ("*RCAP*"), 04-37154. This court's jurisdiction over plaintiffs' action is

pursuant to 28 U.S.C. § 1334(b), based on the relatedness of these proceedings to the *RCAP*

action.

      Now before the court is the Sisters' motion for a limited protective order (#97), in which

the Sisters request an order to require return of and to prevent dissemination of information

contained in six documents produced to plaintiffs by the Sisters during the discovery phase of

this action. For the reasons set forth below, the Sisters' motion is denied.

## LEGAL STANDARDS

      Pursuant to Federal Civil Procedure Rule 26(c)[1], a court may for "good cause" issue a

---

     [1] It is well settled that, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), when
sitting in diversity federal courts apply state substantive law and federal procedural law. *See
Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Moreover, the Ninth Circuit
recently made clear that this *Erie* principle applies with equal force regardless of the court's
jurisdictional basis, holding that "the basis of a federal court's jurisdiction over a state law claim
is irrelevant for *Erie* purposes." *Sea Hawk Seafoods v. Exxon Corp.*, 484 F.3d 1098, 1100 (9th
Cir. 2007). The court specified that "[w]here state law supplies the rule of decision, it is the duty
of federal courts to ascertain and apply that law." *Id.*, *quoting Witzman v. Gross*, 148 F.3d 988,
990 (8th Cir. 1998). This court will therefore apply federal procedural law in deciding the
Sisters' motion. *See id*; *see also UNR Indus. v. Continental Casualty Co.*, 942 F.2d 1101, 1104
(7th Cir. 1991) (applying state substantive and federal procedural law where jurisdiction arose
under 28 U.S.C. § 1334(b)).

protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place, for the disclosure or discovery;

    * * *

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; [or]

    (E) designating the persons who may be present while the discovery is conducted

Fed. R. Civ. P. 26(c)(1).  To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery.  Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## MATERIAL FACTS

    The documents that would be subject to the proposed protective order were produced by the Sisters in response to plaintiffs' discovery requests.  Although the Sisters' moving papers did not identify the documents with precision, the documents, marked as Exhibits 16 through 21, were submitted at oral argument for this court's *in camera* review.

    The documents were produced for internal distribution within the Sisters' religious order between 1922 and approximately 1952.  They contain, *inter alia*, statements and restatements of the Sisters' policy forbidding and condemning the use of corporal punishment, and in some cases abusive language, by members of their order charged with the instruction of young students.  The documents make clear that corporal punishment and abusive language would not be tolerated,

and that members of the order who violated the proscription would not be supported by their superiors. Indeed, the documents describe a policy pursuant to which parents complaining that their children had been subjected to corporate punishment would be advised to report such incidents to secular authorities.

The documents also make reference to a small number of historic incidents of corporal punishment, as well as possible ill treatment of students who attended public schools. The documents do not identify the persons involved in these incidents, nor do they indicate where or precisely when these incidents took place. The Sisters responded to these incidents by forcefully reasserting their policy forbidding and condemning such behavior.

In neither their moving papers nor in their supporting reply memorandum do the Sisters attempt to identify any specific harm or prejudice that would be suffered by any person or institution if the motion were not granted.[2] Following close analysis of all six documents, I identify no language or information in any of the six documents, other than the foregoing, that could potentially cause any person or institution any degree of embarrassment, prejudice, or harm.

## ANALYSIS

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips*, 307 F.3d at 1210; *see also, e.g., San Jose Mercury News, Inc. v. United*

---

[2] At oral argument, counsel for the Sisters offered to further supplement the record with declarations addressing the harm or prejudice that might potentially result if the requested protective order did not issue. However, following close *in camera* review of the documents, I find that supplemental declarations would be unnecessary and unhelpful.

*States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("it is well-established that the fruits of

pretrial discovery are, in the absence of a court order to the contrary, presumptively public.  Rule

26(c) authorizes a district court to override this presumption where 'good cause' is shown").

 "For good cause to exist, the party seeking protection bears the burden of showing

specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at

1210-1211, *citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News*, 187 F.3d at 1102 (to obtain

a protective order a party must make a "particularized showing of good cause with respect to any

individual document").  If the party seeking protection establishes that the requisite particularized

harm will occur absent a protective order, the courts must then balance the public interest in

access to the information against the party's private interest in shielding it from public scrutiny to

determine whether a protective order is appropriate. *See Phillips*, 307 F.3d at 1211, *citing*

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

 Moreover, Local Rule 26.6 provides as follows:

> A party or person asserting there is good cause for the Court to make an order that
> would limit access to discovery materials not filed with the Court, or would
> authorize a party or person to file any materials with the Court under seal, **must**
> **show with respect to each particular material or category of materials that**
> **specific prejudice or harm will result if no order is granted.  The showing**
> **must be sufficiently detailed to permit the Court in its good cause**
> **examination to identify specific factors supporting entry of the order sought.**
> Where the order sought would authorize a party to file materials under seal, the
> showing also must articulate why, as an alternative to filing under seal, the
> information sought to be protected could not be redacted.  Broad allegations of
> harm, unsubstantiated by specific examples or articulated reasoning does not

Page 5 - OPINION AND ORDER

satisfy the requirements of this rule. The showing must be made even if the other party stipulates to the entry of the order.

L.R. 26.6 (emphasis supplied).

Here, the Sisters have not met their burden to show the specific prejudice or harm that would result if the documents at issue were publicly disseminated, nor have the Sisters identified with specificity any person who could conceivably be embarrassed or discomfited in any way by public scrutiny of these essentially historical documents. Indeed, the primary gravamen of the documents is wholly laudable, in that the documents set forth reasonable and humane policies in connection with enforcing student discipline. Even if the Sisters had made an attempt in either their moving papers or in their supporting reply memorandum to show with particularity that public dissemination of the documents would result in prejudice or harm to some specific individual or institution, analysis of the documents suggests that any such attempt would necessarily have been unsuccessful.

Moreover, to whatever limited extent the documents can accurately be characterized as recording a history of problems with corporal punishment (albeit problems that the order took steps to address), any interest the Sisters might have in withholding such history from public scrutiny is clearly outweighed by the public interest in uncovering it. Raising public awareness of the efforts made by so-called "institutions of trust" to prevent abusive treatment of children in their care can only further the public interest in identifying and eradicating child abuse within such institutions.

At oral argument, the Sisters asserted the position that while the documents themselves may not be inherently prejudicial or harmful, the potential for prejudice or harm nevertheless

Page 6 - OPINION AND ORDER

exists by virtue of the possibility that plaintiffs or their counsel might mischaracterize the

documents while publicly disseminating them.  This possibility cannot constitute good cause for

issuing the requested protective order, however, both because the possibility of prejudicial

mischaracterization is too attenuated to constitute a showing that specific prejudice or harm

"will" result if the Sisters' motion is not granted, *Phillips*, 307 F.3d at 1210-1211, and because

the requested protective order would not eliminate the risk that plaintiffs, their counsel, or others

might attempt to distort the record with harmful or prejudicial misinformation.  If anything,

permitting the documents to be made public would *reduce* the risk of misinformation entering

into public discussion of the Sisters' efforts to prevent the mistreatment of children entrusted to

their care.

     Because the Sisters have not established that good cause exists for withholding these

"presumptively public" documents from public scrutiny, *San Jose Mercury News*, 187 F.3d at

1103, their motion for a limited protective order must be denied.

**CONCLUSION**

     For the reasons set forth above, the Sisters' motion for limited protective order (#97) is

denied.  Because this case has settled, a judgment shall be prepared.

Dated this 27th day of August, 2008.

Honorable Paul Papak
United States Magistrate Judge

Page 7 - OPINION AND ORDER